UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI MOUBARAK, individually and as
the representative of a class of similarly
situated persons,

        Plaintiff,                      Case Number _____

v.                                    Honorable

REAL TIME SOLUTIONS, INC.,

        Defendant.

_____/

**HADOUS|CO. PLLC**
Nemer N. Hadous (AZ: 027529|CA: 264431)
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
Phone: (248) 663-5155
Email: nhadous@hadousco.com
Attorneys for Plaintiff and Putative Class

**FAIRMAX LAW, PLLC**
Michael Jaafar (P-69782)
23400 Michigan Avenue, Ste. 110
Dearborn, Michigan 48124
Phone: (313) 846-6400
Email: mike@fairmaxlaw.com
Attorneys for Plaintiff and Putative Class

## CLASS ACTION COMPLAINT

Plaintiff, Ali Moubarak, ("Plaintiff"), brings this action on behalf of himself

and all other persons similarly situated, through his attorneys, and except as to

those allegations that pertain to Plaintiff or his attorneys, which allegations are

based upon personal knowledge, alleges the following upon information and belief against Defendant, Real Time Resolutions, Inc. ("Defendant").

## PRELIMINARY STATEMENT

1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.     This action challenges Defendant's policy and practice of mailing false deceptive and misleading collection letters to individuals that discharged Defendant's debt in a chapter 7 bankruptcy.

3.     Defendant conducts these debt collection activities in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by systematically misrepresenting the character, amount, or status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and e(10), by making false, deceptive and misleading representations in the collection of an alleged debt, and by attempting

to collect amounts not authorized by contract or law which had been discharged in bankruptcy in violation of 15 U.S.C. § 1692f(1).

4.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under Fair Debt Collection Practices Act.  15 U.S.C. § 1692, et seq.

## JURISDICTION AND VENUE

5.     Plaintiff, on behalf of himself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

6.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d) (FDCPA) (permitting actions to enforce liability in an appropriate United States District Court).

7.     Venue is proper in this District because Plaintiff resides in this District and Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

8.     Plaintiff, on behalf of himself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

9.     Plaintiff is an adult citizen and resident of Wayne County, Michigan. Plaintiff is a natural person obligated or allegedly obligated to pay a consumer debt and is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10.     Defendant is a corporation organized under the laws of the State of Texas and is a "person," as defined by 47 U.S.C. § 153 (10).   Defendant is authorized to conduct business in Michigan, and conducts business in Michigan on a routine and systematic basis.  Defendant can be served with process through its Michigan statutory agent: The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170-4675.

11.     Defendant's principal purpose is the collection of debt and Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.  Defendant regularly telephone and the mail to engage in the business of collecting debt in several states including, Michigan.  Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12.     Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13.     Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14.     Plaintiff, on behalf of himself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

15.     Plaintiff executed a mortgage in favor of Defendant for the property commonly known as 23000 Oxford Street, Dearborn, Michigan 48124.

16.     Plaintiff encountered financial difficulty, and fell behind on payments for the Oxford Street property. This ultimately led Plaintiff to file for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Michigan.

17.     Plaintiff listed Defendant as a secured creditor.   Defendant was notified of the filing of Plaintiff's bankruptcy.

18.     Plaintiff did not reaffirm this debt.   In Plaintiff's Statement of Intention, Plaintiff elected to surrender the Oxford Street property.

19.     Neither Defendant nor any other creditor objected to a discharge of Plaintiff's debts. Plaintiff obtained a discharge of this and other debts on September 08, 2011, and his interest in the Oxford Street property was abandoned.

20.     Plaintiff has not reaffirmed or renewed the discharged mortgage obligation with Defendant or any other entity.

21.     Despite Plaintiff's bankruptcy discharge, Defendant restarted collection efforts against Plaintiff to collect discharged debt.

22.     Throughout 2016, Defendant has sent multiple deceptive, false and misleading collection letters to Plaintiff attempting to collect the debt Plaintiff discharged in his chapter 7 bankruptcy in 2011.

23.     Defendant's written correspondence each constitutes a "communication" as that term is defined by 15 U.S.C. § 1692a(2), an "initial communication" consistent with 15 U.S.C. § 1692g(a), and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

24.     Defendant's collection letters are entitled Mortgage Account Statement ("MAS"). Ex. 1, Mortgage Account Statement – May 2016 ("MAS").

25.     Page 1 of the MAS includes: Plaintiff's name, address, account number, outstanding principal, regular payment amount due, fees and charges, overdue payments, total amount due, and payment due date.  Ex. 1, MAS.

26.     Below this account information is a section that reads:

IMPORTANT NOTICE:
This agency is engaged in the collection of debts.  This periodic statement is provided to you pursuant to the applicable Truth in Lending Act regulations.  Please note that if your account has been discharged through a bankruptcy, you are not personally liable for any outstanding payments.  Furthermore, if you are in an active bankruptcy proceeding or your account has been discharged in bankruptcy, this is not an attempt to collect a debt, but rather this statement is provided for informational purposes only.

Ex. 1, MAS.

27.    At the bottom of the bottom page, there is a detachable payment stub with the following information:   Plaintiff's name and address, account number, payment due date, regular payment amount, and amount due.  Ex. 1, MAS.

28.    The payment stub instructs Plaintiff to send payments to: "Real Time Scannable, P.O. Box 731940, Dallas, TX 75373-1940." Ex. 1, MAS.

29.    On page 2 of the MAS, a section entitled, "**Delinquency Notice,**" which lists Plaintiff's account number, appears at the top of the page in bold lettering.  Ex. 1, MAS (bold emphasis in original).

30.    Defendant's Delinquency Notice warns:

**Delinquency Notice**
**You are late on your mortgage account payments.**  Failure to bring your account current may result in fees.   Your account became delinquent on 11/02/08 and, as of 10/11/2016, you are 2,900 days delinquent on your mortgage account.

Ex. 1, MAS (bold emphasis in original).

31.    Below the Delinquency Notice is the "Recent Account History."  The Recent Account History lists previous "due" dates and "unpaid" balances:

Payment due 05/01/2015: Unpaid Balance of $752.22
Payment due 06/01/2016: Unpaid Balance of $725.22
Payment due 07/01/2016: Unpaid Balance of $725.22
Payment due 08/01/2016: Unpaid Balance of $752.22
Payment due 09/01/2016: Unpaid Balance of $747.07
Payment due 10/01/2016: Unpaid Balance of $747.07
Current Payment due 11/01/2016: Unpaid Balance of $747.07

Ex. 2, MAS.

32.    Below the "Current Payment" due is another demand for payment appearing in bold letters:

**Total Due: $79,445.25.  You must pay this amount to bring your account contractually current.**

Ex. 2, MAS (bold emphasis in original).

33.    Defendant sends these collection letters to Plaintiff and to members of the class each month.  The "total amount due" and the "overdue payment amount" on the MAS accrue proportionally, by the total unpaid amount, with every statement.  Ex. 2, Mortgage Account Statement – October 2016.

## DEFENDANT'S ROUTINE PRACTICES

34.    Plaintiff, on behalf of himself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

35.    It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1, which are false deceptive, misleading, and misrepresent the character, amount, or legal status of the alleged debt.

36.    It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1, which are false deceptive, misleading, and misrepresent the addressee's responsibility for the alleged debt.

37.     It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1, which are false deceptive, misleading, and misrepresent the consequence of non-payment of the alleged debt.

38.     It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1, which attempts to recover amounts not authorized by contract or law.

39.     It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1 to addresses throughout the United States.

## CLASS ALLEGATIONS

40.     Plaintiff, on behalf of himself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

41.     Plaintiff asserts this action on behalf of himself and on behalf of a class of persons similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(3).

42.     The Class is defined as: (i) all persons at a U.S. address, (ii) to whom Defendant sent, or caused to be sent, a letter in the form of Exhibit 1, (iii) in an attempt to collect a debt or alleged debt previously discharged in bankruptcy, and which, as shown by the nature of the alleged debt, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes, (iv) during the one year period prior to the date of filing this action.

43.     Defendant and its employees or agents are excluded from the Class.

44.      Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

45.     Plaintiff contemplates providing notice to the putative Class members by direct mail in the form of a postcard and via Internet website.

46.     Joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The identity of the individual Class members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

47.     Commonality [Fed. R. Civ. P. 23(A)(2)].  Common questions of law and fact apply to the claims of all Class members, and predominate over any issues affecting only individual class members.   Material questions of law and fact common to the Class includes, without limitation:

(a)     Whether Defendant's letter in the form of Exhibit 1 violates 15 U.S.C. §§ 1692e, and/or 1692f;

(b)     The manner and method Defendant used to compile or obtain the list of names and addresses to which it sent Exhibit 1;

(c)     Whether members of the Class are entitled statutory damages pursuant to the FDCPA;

(c)     Whether members of the Class are entitled actual damages pursuant to the FDCPA;

(d)     Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

(e)     Whether Defendant can satisfy the bona fide error defense.

48.     Typicality [Fed. R. Civ. P. 23(a)(3)]. Plaintiff s claims are typical of the claims of all Class members.  Plaintiff received collection letters sent on behalf of Defendant identified as Exhibit 1 during the class period.  Plaintiff is making the same claims and seeking the same relief for himself and all Class members based on the same federal statute, facts, and legal theories.  Defendant has acted the same or in a similar manner with respect to Plaintiff and all the Class members.

49.     Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)].  Plaintiff will fairly and adequately represent and protect the interest of the Class.  Plaintiff is interested in this matter, has no conflicts, and has retained counsel experienced in class action litigation, consumer litigation, unlawful debt collection practice, and jury trials to represent the Class.

50.     Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23(b)(1)]. Class certification is appropriate because the prosecution of individual actions by Class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct

for Defendant, and/or (b) as a practical matter, adjudication of Plaintiff s claims will be dispositive of the interests of Class members who are not parties.

51.    Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]. Common questions of law and fact predominate and a class action is superior to other methods of adjudication, with the exception of differences in alleged amounts owing to Defendant, all Class members received identical collection correspondence from Defendant:

(a)    Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)    Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquires or proceedings;

(c)    Defendant has acted continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

(d)    The amount likely to be recovered by individual Class members does not support separate, individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)    This case will be inherently managed as a class action in that:

(i)     Defendant or its agents' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)    Liability and damages can be established for Plaintiff and the Class with the same common proofs;

(iii)   Statutory damages are provided for in the statute and are the same for all Class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in the orderly and expeditious administration of claims, and foster economies of time, effort and expense;

(v)     A class action will contribute to uniformity of decisions concerning Defendant's challenged practices and policies; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

52.     Plaintiff, on behalf of himself and on behalf of the Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

53.     Through its conduct described above, Defendant violates the FDCPA. Defendant's FDCPA violations include, without limitation, the following:

(a)     Defendant violates 15 U.S.C. §1692e of the FDCPA by making false, deceptive, and misleading representations in the collection of an alleged debt; and

(b)     Defendant violates 15 U.S.C. §1692f of the FDCPA by using unfair and unconscionable means in connection with collection of an alleged debt.

54.     Defendant's conduct is specifically intended to induce Plaintiff and putative Class members to pay an alleged debt.

55.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff and to the Class members for actual damages, statutory damages, costs, and attorney fees.   Actual damages include amounts actually paid in response to all letters in the form of Exhibit 1.

## **PRAYER FOR RELIEF**

56.     WHEREFORE, Plaintiff Ali Moubarak respectfully requests that this Honorable Court enter judgment for himself and the Class for the following:

(a)     Certification to proceed as a class action as requested herein;

(b)     Appointment of Plaintiff as Class representative;

(c)     Appointment of Plaintiff's counsel as Class counsel;

(d)    An award of actual damages, and statutory damages of $1,000.00, pursuant to 15 U.S.C. §§ 1692k(a)(1), and 1692k(a)(2)(A), for each plaintiff and putative Class member;

(e)    An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f)    Any and all other relief this Honorable Court deems just and proper.

## JURY DEMAND

57.    Plaintiff, on behalf of himself and on behalf of the class, hereby demands a jury trial on all issues so triable in Detroit, Michigan.

**RESPECTFULLY SUBMITTED** this 31st day of October 2016,

**HADOUS|CO. PLLC**

By:  /s/Nemer N. Hadous
Nemer N. Hadous, AZ: 027529, CA: 264431
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
Phone: (248) 663-5155
Email: nhadous@hadousco.com
Attorneys for Plaintiff and Putative Class